# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ HON. EILEEN BRANSTEN _____ PART _____ 3
                                    Justice

Brad Berk et al

                                                    INDEX NO.     110755/08
                                                    MOTION DATE   12/11/08
                    - v -
                                                    MOTION SEQ. NO.  01W

Pali Holdings Inc., et al                           MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                    PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...  _____
Answering Affidavits — Exhibits _____                              _____
Replying Affidavits _____                                          _____

Cross-Motion:    ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion

**FILED**
JUL 27 2009
COUNTY CLERK'S OFFICE
NEW YORK

MOTION IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING MEMORANDUM DECISION.

RECEIVED
JUL 2 2 2009
IAS MOTION SUPPORT OFFICE
NYS SUPREME COURT, CIVIL

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _____ 7-16-09 _____      _____ Eileen Bransten _____
                                HON. EILEEN BRANSTEN        J.S.C.

Check one:            ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION
Check if appropriate:        ☐ DO NOT POST           ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. EILEEN BRANSTEN                              PART 3
         Justice

Brad Berk et al

                                          INDEX NO.      110788/08
                                          MOTION DATE    12/11/08
         - v -                            MOTION SEQ. NO. 015
                                          MOTION CAL. NO. _____
Rali Holdings, Inc et al

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                          PAPERS NUMBERED
Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   _____
Answering Affidavits — Exhibits _____
Replying Affidavits _____

RECEIVED JUL 22 2009
IAS MOTION SUPPORT OFFICE
NYS SUPREME COURT - CIVIL

Cross-Motion:   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION IS DECIDED IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION ACCOMPANYING MTN. SEQ. NO. 014.

FILED JUL 27 2009 COUNTY CLERK'S OFFICE NEW YORK

Dated: 7-16-09                          _____
                                        HON. EILEEN BRANSTEN   J.S.C.

Check one:   ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST        ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: ~~_____~~ **HON. EILEEN BRANSTEN**     PART 3
                                 Justice

Brad Berk et al

INDEX NO. 110788/08
MOTION DATE 12/11/08
MOTION SEQ. NO. 016
MOTION CAL. NO. _____

- v -

Rati Holdings, Inc., et al

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                                  PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...    JUL 23 2009
Answering Affidavits — Exhibits _____
Replying Affidavits _____
                                                       IAS MOTION SUPPORT OFFICE
                                                       NYS SUPREME COURT - CIVIL

**Cross-Motion:** ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion

is decided in accordance with the memorandum decision accompanying motion sequence number 014.

**FILED**
JUL 27 2009
COUNTY CLERK'S OFFICE
NEW YORK

Dated: 7-16-09              _____
                                                        HON. EILEEN BRANSTEN   J.S.C.

Check one:    ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION
Check if appropriate:    ☐ DO NOT POST      ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____ FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART THREE
-----------------------------------------------------------------x
In the Matter of Application of BRAD BERK *et al.*,

                        Petitioners,                    Index No. 110788/08
                                                           Motion Date: 12/11/08
                                                            Motion Seq. Nos.: 014,
                                                            015, 016

          v.

Pali Holdings, Inc. through its Chief Executive Officer,
President, and Secretary, and Certain members of its
Board of Directors,

                      Respondents-Counterclaim
                      Petitioners,

          v.

Gurney Limited, Keyway Investment Limited,, John
Staddon and WGS Verwaltungs GmbH (WGS),

                    Counterclaim-Respondents
-----------------------------------------------------------------x
EILEEN BRANSTEN, JSC:

      This Article 78 proceeding was commenced by shareholders of Pali Holdings, Inc. ("Pali") based on the alleged failure of the corporation and its directors and officers to comply with the corporate bylaws.

      Motion sequences numbered 014, 015, and 016 are consolidated for disposition.

      In motion sequence numbers 014 and 016, two of the individual respondents seek an order granting attorneys' fees, *pendente lite*.

      In motion sequence number 015 one of the individual respondents seeks to dismiss the Second Amended Verified Petition (the "Petition").

*Matter of Berk v Pali Holdings Inc.*                                Index No. 110788/08
                                                                     Page 2

Petitioners' opposition to all three motions is based on respondents' alleged forgery of corporate documents and the breach of fiduciary duty arising from this alleged misconduct.

## Background

Petitioners are holders of 52.7% of the outstanding shares of Pali. The Petition alleges that Pali is a New York corporation with its principal place of business at 650 Fifth Avenue in Manhattan. Pali is the sole shareholder of Pali Capital, Inc. and Pali Holdings AG. Pali Capital, Inc. is alleged to be a full-service, regulated broker-dealer. Pali is alleged to be the corporate successor of Europe American Investments, N.V. ("Euram"), and references in the petition to Pali include Euram.

Respondent Bradley Reifler ("Reifler") was the Chairman and Chief Executive Officer of Pali at all relevant times alleged in the petition. Respondent David Wasitowski ("Wasitowski") was a member of its Board of Directors.

In June 2008, a derivative action was commenced. In that action--assigned Index Number 601938/08--plaintiffs, who are also petitioners in this proceeding, seek damages against, among others, Reifler and Wasitowski, alleging that they breached their fiduciary duties and were complicit in a scheme whereby Reifler received millions of dollars without any entitlement to the money.

*Matter of Berk v Pali Holdings Inc.*                                Index No. 110788/08
                                                                      Page 3

In July 2008, petitioners, as majority shareholders, asked Pali's Chief Executive Officer to call a special shareholder meeting for the purpose of voting on the removal of Pali's existing Board of Directors, and for the election of new directors. In response, these same corporate officers allegedly took steps to entrench themselves in power, under the guise of corporate action, which steps were designed to dilute petitioners' status as majority shareholders before the requested shareholders' meeting took place.

In particular, petitioners complain that respondents arranged for Pali to obtain a $25 million convertible loan from Grupo Mundial, with a provision that granted Grupo Mundial the right to vote approximately 325,000 shares of Pali's common stock, out of a total of approximately 2.5 million shares, even though Grupo Mundial was not a shareholder, and could not become a shareholder for three years.

In this proceeding, commenced in August 2008, petitioners do not seek damages against the directors or Pali. They apply for a writ of mandamus compelling the respondents to hold a special shareholders meeting. Petitioners also seek a preliminary injunction to prevent respondents from taking any action that would dilute their equity interest in Pali and would preclude the exercise of voting rights by any third parties who may have obtained an equity interest in Pali after July 28, 2008. Petitioners seek a declaration that respondents' actions in enfranchising any third-parties, such as Grupo Mundial, constitute a breach of fiduciary duties, and that any equity shares or voting rights transferred to Grupo Mundial are

*Matter of Berk v Pali Holdings Inc.*                                       Index No. 110788/08
                                                                             Page 4

void *ab initio*. Additional relief sought by petitioners relates to the request for a special shareholder meeting and includes a request for a declaration that Pali's shareholder ledger was accurate and complete as of July 28, 2008, along with a preliminary injunction against any actions by respondents that might tend to disenfranchise the vote of any petitioner identified in the shareholder ledger of July 28, 2008.

Wasitowski--who resigned from Pali's Board of Directors on November 1, 2008-- moves to dismiss the Petition as against himself. Even if the court were to direct Pali's directors to take steps to hold a special shareholder meeting, argues Wasitowski, or to refrain from any action that would dilute petitioners' stake in the company, such an order could not possibly apply to Wasitowski, since he no longer sits on the Board of Directors. Further, Wasitowski claims that he no longer has any interest in determinations by this court regarding the accuracy or validity of the stock ledger or the voting rights of Grupo Mundial. Wasitowski argues that the relief sought by petitioners is inapplicable to him, and this entire Article 78 proceeding is moot so far as he is concerned, and must be dismissed.

Analysis

A corporate officer's resignation from office does not affect that officer's liability for transactions which had their inception prior to his resignation. In this proceeding, however, petitioners are not seeking damages; rather, they request that this Court grant relief

*Matter of Berk v Pali Holdings Inc.*  Index No. 110788/08
Page 5

compelling Pali to take certain actions and prohibiting it and its directors from engaging in other actions. Wasitowski is no longer a director, and petitioners have not established that he can or will have any role in affecting the relief sought here. Thus, the Petition must be dismissed as against him. With his dismissal from this proceeding, however, Wasitowski does not escape potential liability sought in the derivative action that was also commenced against him.

Respondents Wasitowski and Reifler have both moved for an award of counsel's fees, *pendente lite*. Pali paid certain attorneys' fees up to September 30, 2008 but subsequently refused to advance any further fees. Wasitowski and Reifler maintain that are entitled to payment of expenses incurred in defense of the proceeding in advance because they provided an undertaking (*see* Business Corporation Law ["BCL"] § 723[c]) and that the Court has an obligation to order indemnification pursuant to BCL § 724(c).

The BCL, however, provides that a court "**may**" allow for advancement of expenses. It authorizes advancement but does not require it. Under the circumstances, where there are allegations of misconduct, this Court will not overrule Pali's own determination not to advance costs and fees (*see* Affirmation of Barbara Bishop ["the Company has determined that it would be inappropriate to continue to advance fees to these former directors until (an) investigation is complete"]).

Accordingly, it is

*Matter of Berk v Pali Holdings Inc.*  Index No. 110788/08
Page 6

ORDERED that the motion to dismiss the petition, motion sequence number 015, is granted as to respondent Wasitowski and the proceeding is dismissed as to him; and it is further

ORDERED that the motions for the advancement of legal fees, motion sequence numbers 014 and 016, are denied.

This constitutes the Decision and Order of the Court.

Dated: July 16, 2009        ENTER:

_____
Hon. Eileen Bransten

