Case 1:09-cv-08243-PKC  Document 20  Filed 04/08/10  Page 1 of 11

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-8-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID WASITOWSKI,

                Plaintiff,                09 Civ. 8243 (PKC)

    -against-

                                            MEMORANDUM
                                            AND ORDER

PALI HOLDINGS, INC.,

                Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff David Wasitowski, a former director and officer of defendant Pali Holdings, Inc. ("Pali," or "the Company"), incurred more than $580,000 in legal fees in a state-court civil proceeding in which both he and Pali were defendants. Although it is not mentioned in the Complaint, the trial court denied a motion by Wasitowski seeking an order for the advancement of legal fees by Pali. Wasitowski now asserts that Pali is required to indemnify him pursuant to the New York Business Corporation Law (the "BCL") and Pali's own bylaws. Pali moves to dismiss or stay the action pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., and Wasitowski moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P.

        For the reasons explained below, the defendant's motion to dismiss is granted, the plaintiff's motion is denied, and the Complaint is dismissed.

BACKGROUND

        For the purposes of Pali's motion to dismiss, all nonconclusory factual allegations set forth in the pleadings are accepted as true. S. Cherry St. LLC v. Hennessee

Group LLC, 573 F.3d 98, 100 (2d Cir.2009); see also Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949-50 (2009). As the non-movant, all reasonable inferences are drawn in favor of the plaintiff. See United States v. City of New York, 359 F.3d 83, 91 (2d Cir. 2004).

Plaintiff, a citizen of New Jersey, resigned as an officer and director of Pali in November 2008. (Compl. ¶ 3.) Pali is organized under the laws of New York, where it also maintains its principal place of business. (Compl. ¶ 4.) In June 2009, certain of Pali's shareholders commenced a proceeding in the Supreme Court of the State of New York, New York County (the "New York Supreme Court"), captioned Berk et al. v. Pali Holdings, Inc., No. 110788/08 (the "Berk Proceeding"). (Compl. ¶ 6.) The Berk Proceeding arose under Article 78 of the New York Civil Practice Law and Rules. (Compl. ¶ 6.) Broadly summarized, petitioners in the Berk Proceeding were Pali shareholders who alleged that Pali's board members, including Wasitowski, unlawfully pursued a scheme to dilute shareholder voting power in order to maintain their control over the Company. (See Pali Mem. in Support Ex. B.)

Both Wasitowski and Pali were respondents in the Berk Proceeding. (Compl. ¶¶ 6-7.) Wasitowski was named in his capacity as officer and director, and was not sued in his individual capacity. (Compl. ¶ 7.) In an order dated July 27, 2009, the New York Supreme Court granted Wasitowski's motion to dismiss the petition's claims against him. (Compl. ¶ 8.) No appeal was taken, and the order is final. (Compl. ¶ 8.) During the Berk Proceeding, Wasitowski paid his own defense costs, which, by August 31, 2009, totaled $581,135.85. (Compl. ¶ 7.)

According to the Complaint, pursuant to BCL § 723(a), a corporate officer or director is entitled to indemnification when he or she "has been successful, on the merits or

otherwise, in the defense of a civil or criminal action or proceeding," provided that the individual has suffered no adverse judgment or finding of wrongdoing or bad faith. (Compl. ¶¶ 9, 12.) The plaintiff contends that his dismissal from the Berk Proceeding requires Pali to indemnify him for all costs incurred in that litigation. (Compl. ¶ 10.) In addition, Pali's bylaws require indemnification to the "full extent permissible" under New York law. (Compl. ¶ 11.)

According to the parties' submissions, legal proceedings involving Wasitowski and Pali remain ongoing. In addition to the Berk Proceeding, a subsidiary of Pali commenced a pending FINRA arbitration against Wasitowski and another former Pali officer for breach of fiduciary duty and abuse of control. (Pali Capital, Inc. v. Reifler, et al., 09-772NY, Def. Mem. Ex. C.) Wasitowski also filed an application in the Berk Proceeding for advancement of legal fees, in a motion captioned as an order to show cause on a "Motion for Indemnification Pendente Lite." (Trivigno Dec. Ex. 3.) Justice Eileen Bransten denied Wasitowski's motion, holding that his dismissal did not preclude his "potential liability" and noting that "allegations of misconduct" against him remained unresolved. (Trivogno Doc. Ex. 4 at 5.)

MOTION TO DISMISS STANDARD

Rule 8(a) (2), Fed.R.Civ.P., requires "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (ellipsis in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide the grounds upon

which the claims rest, through factual allegations sufficient "'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v.Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949-50.

The Supreme Court has described the motion to dismiss standard as encompassing a "two-pronged approach" that requires a court first to construe a complaint's allegations as true, while not bound to accept the veracity of a legal conclusion couched as a factual allegation. Id. at 1950. Second, a court must then consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Although the Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference without converting the motion into one for summary judgment. See Int'l Audiotext Network, Inc. v. AT & T, 62 F.3d 69, 72 (2d Cir.1995).

DISCUSSION

The BCL establishes a statutory framework for a corporation's indemnification of officers and directors, whether made voluntarily or by court order. I begin by discussing the BCL sections governing a corporation's voluntary indemnification. BCL § 722(c) states

that a corporation may authorize indemnification if a "director or officer acted, in good faith, for a purpose which he reasonably believed to be in . . . the best interests of the corporation . . . ." Sections 722 "permits but does not require" a corporation's bylaws to provide for director and officer indemnification. Sequa Corp. v. Gelmin, 828 F. Supp. 203, 205 (S.D.N.Y. 1993) (summarizing BCL § 722). Section 723 establishes the procedures by which shareholders or boards of directors may elect to provide indemnification. See BCL § 723(b). Although the text of section 722(a) is phrased permissively ("may"), BCL § 723(a) states that "[a] person who has been successful, on the merits or otherwise, in the defense of a civil or criminal action or proceeding of the character described in section 722 shall be entitled to indemnification as authorized in such section" (emphasis added). Thus, if a corporation provides for indemnification to its directors and officers consistent with section 722, section 723 binds the corporation to its promise to indemnify. See Sequa Corp., 828 F. Supp. at 205 ("Quite apart from the corporation's bylaws, BCL § 723(a) mandates indemnification of officers or directors by the corporation if such individuals succeed defending against the kind of action covered by § 722."). Here, Pali's bylaws provide for voluntary indemnification to directors and officers. (Compl. Ex. B. § 8.1.)

Section 724 of the BCL establishes the procedures for court-ordered indemnification. In Qantel Corp. v. Neimuller, 771 F. Supp. 1372, 1374 (S.D.N.Y. 1991), Judge Leisure observed that sections 722 and 723 "merely permit the indemnification of directors and officers," while "[s]ection 724, in contrast, specifies the standards and procedures by which a court may order such indemnification under the BCL." (emphasis in original); see also Brittania 54 Hotel Corp. v. Freid, 251 A.D.2d 49, 49 (1st Dep't 1998) ("When a corporation declines to afford indemnification pursuant to Business Corporation

Law § 722, the officer may apply to the court, which may direct that such payments be made 'if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law'.") (quoting BCL § 724(c)); Mercado v. Coes FX, Inc., 815 N.Y.S.2d 806, 807 (N.Y. Sup. Ct. Nassau Cty 2006) ("[U]nder BCL § 724(c), courts are authorized to order indemnification of present or former corporate directors against litigation expenses, notwithstanding the corporation's refusal to do so.").

In applying section 724, the statute's "design is to authorize indemnification by judicial action to the full extent, subject to the same standards and qualifications where applicable as in the case of voluntary corporate indemnification." BCL § 724 cmt. (McKinney 2003). The relevant portions of section 724 state as follows:

> (a) Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the specific case under section 723 (Payment of indemnification other than by court award), indemnification shall be awarded by a court to the extent authorized under section 722 (Authorization for indemnification of directors and officers), and paragraph (a) of section 723. Application therefore may be made, in every case, either:
>
> (1) In the civil action or proceeding in which the expenses were incurred or other amounts were paid, or
>
> (2) To the supreme court in a separate proceeding, in which case the application shall set forth the disposition of any previous application made to any court for the same or similar relief and also reasonable cause for the failure to make application for such relief in the action or proceeding in which the expenses were incurred or other amounts were paid.

Thus, under section 724(a), a director or officer claiming indemnification may pursue one of two avenues for relief: 1.) application to the court presiding over the underlying proceeding, or 2.) commencing a separate proceeding, in which case, the applicant must set forth "reasonable cause" for any "failure" to seek indemnification as part of the underlying proceeding.

According to Pali, the Complaint should be dismissed because the plaintiff has not set forth "reasonable cause" for his "failure" to pursue indemnification in the underlying proceeding. See BCL § 724(a)(2). In opposition, Wasitowski argues that the motion should be denied because section 724 is not the only means to pursue court-ordered indemnification. That interpretation of section 724 is erroneous. As held in Qantel, BCL § 724 is the sole means to pursue court-ordered indemnification, and section 723 does not alone provide for judicial enforcement. 771 F. Supp. at 1374. The BCL's indemnification provisions are strictly construed. See Baker v. Health Mgt. Systems, Inc., 98 N.Y.2d 80, 88 (2002) (citing Diamond v. Diamond, 307 N.Y. 263, 267 (1954)). In Klimczak v. Connrex Corp., 49 A.D.2d 1031, 1031 (4th Dep't 1975), the court observed that when indemnification is sought "in a special proceeding, petitioner must show reasonable cause for failure to seek the relief in the original action." It also identified director and officer indemnification as a creature of statute, as "[t]he cause of action for indemnification of corporate directors and officers did not exist prior to statutory enactment and no such right existed at common law." Id. at 1032.

The text of section 724(a)(2) unambiguously requires that a party seeking indemnification in a separate action must set forth "reasonable cause" as to why it did not raise the purported entitlement to indemnification in the underlying proceeding. When read jointly, sections 724(a)(1) and (a)(2) work to encourage a party seeking indemnification to raise the application as part of the original underlying case. For reasons of efficiency and judicial economy, this approach makes good sense: the court presiding over the underlying proceeding has familiarity with the director or officer's role in the action, and is best positioned to determine, pursuant to BCL § 722(c), whether the director or officer acted "in good faith" for a purpose he "reasonably believed" to be in "the best interests of the

corporation," with "no reasonable cause to believe that his conduct was unlawful." See generally Buffalo Forge Co. v. Ogden Corp., 595 F. Supp. 593 (W.D.N.Y. 1984) (ruling on timeliness, necessity and reasonableness of section 724 indemnification application brought after entry of judgment in that same court). For instance, in this case, the court presiding over the Berk Proceeding already has considered and rejected plaintiff's application for advancement of legal fees. (Trivigno Dec. Ex. 4.)[1]

By contrast, a court entertaining a separate action for indemnification must familiarize itself with the facts and procedural history of the underlying case, potentially sitting in judgment of events that were, in the recent past, actively litigated before another tribunal. Perhaps this explains, at least in part, why section 724(a)(2) requires a showing of "reasonable cause for the failure" to raise indemnification in the underlying action, and why the action in which the fees were incurred is the statute's default tribunal for seeking indemnification. The plaintiff has not set forth a viable basis for the Court to ignore the "reasonable cause" requirement. The statute unambiguously requires this extra step as part of any indemnification application brought in a proceeding separate from the underlying action. Plaintiff's failure to allege "reasonable cause" warrants dismissal of the Complaint.

Plaintiff's other arguments for denying the motion are, to put it charitably, unpersuasive. First, and perhaps most oddly, the plaintiff himself contends that the "reasonable cause" requirement of section 724(a)(2) should not be enforced in the federal courts because the text of section 724(a)(2) specifies that separate proceedings must be brought in "the supreme court." If the plaintiff is correct, his argument requires dismissal of this action, since it is unquestionably distinct from the "proceeding in which the expenses

---

[1] Defendant does not argue that Justice Bransten's order requires dismissal of this action, either on grounds of res judicata or collateral estoppel.

were incurred . . . .", and was not commenced in New York Supreme Court. Section 724(a)(2) appears on its face to require that a separate indemnification claim be filed in the state Supreme Court. I need not explore the implications of plaintiff's forum-based argument, however, as plaintiff's failure to set forth reasonable cause is sufficient to require dismissal. I am aware of no authority ruling on whether section 724(a)(2) authorizes a proceeding in a forum other than the Supreme Court of the State of New York. As a court sitting in diversity, I am required to apply the law of New York. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). In the absence of state-law authority, "a federal court sitting in diversity is not to adopt innovative theories," and must instead "carefully predict how the state's highest court would resolve the uncertainties" presented by the parties. Runner v. New York Stock Exchange, Inc., 568 F.3d 383, 386 (2d Cir. 2009) (quoting The Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 329 (2d Cir. 2005)). It is, in this instance, unnecessary to explore the outer limits of section 724(a)(2) when, assuming arguendo that this court is even a proper forum for the claim, plaintiff has failed to show "reasonable cause" under the statute.[2]

Second, he asserts that the "reasonable cause" requirement applies only to a plaintiff already denied indemnification in the underlying action. This flatly misreads section 724(a)(2), which requires a party to set forth disposition of the underlying case "and also" reasonable cause for not seeking indemnification therein (emphasis added). Moreover, the court in the underlying proceeding unambiguously denied plaintiff's motion captioned

---

[2] While section 724 has been interpreted and applied in the federal courts, it has been in the context of an indemnification application brought as part of the underlying action. See Buffalo Forge Co., 595 F. Supp. at 593-94 (interpreting section 724 and holding that "[federal] jurisdiction is proper" on section 724(a)(1) application); Happy Kids, Inc. v. Glasgow, 2002 WL 72937 (S.D.N.Y. Jan. 17, 2002) (Lynch, J.) (ordering indemnification pursuant to section 724(c)); Sierra Rutile Ltd. v. Katz, 1997 WL 431119, at *1 (S.D.N.Y. July 31, 1997) (a court may order indemnification under BCL § 724 "[i]f the director or officer satisfies the BCL's requirements . . . ."). Unlike subsection (a)(2), section 724(a)(1) does not specify its reach to the New York Supreme Court.

"Motion for Indemnification Pendente Lite." (Trivigno Dec. Ex. 3 at 1.) The plaintiff's failure to set forth his "application made to any court for . . . similar relief" is yet another instance of noncompliance with BCL § 724(a)(2).

Third, plaintiff contends that enforcing the "reasonable cause" requirement amounts to a limitation on federal jurisdiction dictated by the New York legislature. This baseless argument overlooks the allegations of plaintiff's own Complaint, which seeks relief under the BCL. (Compl. ¶ 9.) Further, under the plaintiff's novel approach to federalism and Article III, a federal court would be free to disregard any limiting language in a state statute as a purported affront to federal jurisdiction. The argument impliedly invites the court to disregard the long-accepted holding of Erie, 304 U.S. 64, and is without merit.

Fourth, the plaintiff contends that this action should be construed as one for breach of contract, and that the Court should therefore disregard the language of Section 724(a)(2). Yet not only does the Complaint premise its assertions on the BCL (Compl. ¶ 9), but the bylaws themselves incorporate the relevant BCL provisions, allowing for indemnification "to the full extent permissible under Sections 721 through 726 of the Business Corporation Law." (Bylaws § 8.1, attached at Compl. Ex. B.) Separately, if construed as an attempt to allege breach of contract, the Complaint must be dismissed for its failure to set forth "the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated . . . ." Sud v. Sud, 211 A.D.2d 423, 424 (1st Dep't 1995); accord Broughel v. Battery Conservancy, 2009 WL 928280, at *5 (S.D.N.Y. Mar. 30, 2009) ("A breach of contract claim will withstand a motion to dismiss only if plaintiff allege[s] the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability

is predicated.") (applying New York law) (internal quotation marks omitted). Here, the Complaint does not even employ the word "contract," much less plausibly state a breach of contract claim.

Because I conclude that the plaintiff has failed to state a claim for relief under the relevant provisions of the BCL, I need not reach the other arguments raised in the defendant's motion. The motion to dismiss is granted and the plaintiff's motion for summary judgment is denied.

CONCLUSION

Defendant's motion to dismiss is GRANTED. (Docket # 8.) Plaintiff's motion for summary judgment is DENIED. (Docket # 10.) The Clerk is directed to enter judgment for the defendant.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 7, 2010